UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Merchant Ventures Limited, Patrick Cruise O'Brien,

        Plaintiffs,

  v.

CASE NO. 18-CV-21860

Capital Blue Global Investments, LLC, Bernardo D. Cardoso, MLI Finance, Inc. Kevin M. Robertson,

        Defendants
_____/

**PLAINTIFFS', MERCHANT VENTURES LIMITED AND PATRICK CRUISE O'BRIEN, RESPONSE TO DEFENDANTS' MOTION TO STRIKE OR IN THE ALTERNATIVE TO DISMISS COMPLAINT AS AN IMPERMISSIBLE SHOTGUN PLEADING**

Plaintiffs Merchant Ventures Limited and Patrick Cruise O'Brien by and through their undersigned counsel, hereby file their response to the Defendants' Motion to Strike or, in the Alternative, to Dismiss Complaint as an Impermissible "Shotgun" Pleading, and state as follows:

    **I.    ARGUMENT**

Defendant Cardozo contends that the complaint filed by Plaintiffs is "impermissible pursuant to Rule 8" characterizing it as a "shotgun" pleading. This position is misplaced and defendant's motion should be rejected.

It is true that the 11th Circuit court of appeals has taken a strong stance against so called shotgun pleadings defining them as

> A "complaint [which] contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a

  task that can be quite onerous.
In *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293 (11th Cir. 2002), at 1295-96 (footnotes omitted).

  To meet this definition the multiple counts alleged must contain "irrelevant factual allegations and legal conclusions". Id. Such characterization does not apply to the plaintiffs' complaint. The plaintiffs' complaint is in full compliance with Federal Rule of Civil Procedure 8 (a)(2), requiring that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, *Twombly,* 550 U.S., at 555, 127 S Ct. 1955, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," *id.,* at 570. Plaintiffs' complaint clearly meets these requirements, the complaint lists several claims for relief, all equally grounded in the same set of principal facts, which are clearly and succinctly set out in the complaint. Further, for each claim of relief the Complaint pleads specific details supported by the initial statement of facts. If these facts are true, then each of the claims of relief are also valid against all defendants.

  The complaint states that the defendants entered into a contract; based on this contract plaintiffs paid over to defendant sums of money; these sums of money were to be returned if the obligations under the contract were not met; defendant did not perform as required under the contract, and plaintiff alleges that defendant never had the ability to perform and never intended to perform under the contract. The funds were not returned, and the contractual penalty was not paid. The defendant took the funds, which were to be returned, and converted them to his own use. In addition to the general statement of facts, each claim for relief is further explicitly documented and pled and related back to the facts in the general set of facts of the case.

  This set of facts, clearly pled, collectively give rise to all of the subsequent claims for relief. There are not "irrelevancies", there is nothing for the court to sift through can be no confusion. It is well settled law the Court must "liberally construe the complaint's allegations in plaintiff's favor." *Jenkins v. McKeithen, 395 U.S. 411, 421 (1969)*). Or, as put in *Anderson v. District Board of Trustees of Central*

*Florida Community College*, it must be "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." 77 F.3d 364, 366 (11th Cir. 1996) (emphasis added) in order to grant defendant's motion.  This was further reinforced in *Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir., 2015)* which reiterated and reinforced this position (792 F.3d 1326). The complaint makes it clear that all of the facts pled support all claims for relief equally, and the specific causes of action for each claim for relief are pled separately.  Hence, the allegations of fact necessary to support each claim for relief are clearly pled from the general complaint and thus no such "virtual impossibility" exists in this case.

## II.     REQUEST FOR DISMISSAL

 For the reasons explained above, plaintiffs Merchant Ventures Limited and Patrick Cruise O'Brien respectfully request that the Court enter an Order dismissing the defendants motion.

Dated:  Miami, Florida
July 13, 2018

                                          Yours, etc.

By:     _____/S/_____
        Blanca M. Valle Esq
        1408 Brickell Bay Drive #411
        Miami, Florida 33131
        (305) 302 0002
        Florida Bar Number 0631221

By:     _____/S/_____
        Lawrence Daniel O'Neill
        240 Central Park South
        23rd Floor
        New York, NY 10019
        (917) 675 4864

        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 13 2018, I electronically filed the foregoing document to the Clerk of the Court, using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the attached Service List in the manor specified, either by transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for counsel of parties who are authorized to receive electronically Notices of Electronic Filing.

By: /s/ Lawrence D. O'Neill
O'Neill and Company LLC

**SERVICE LIST**

**Attorneys for Defendants**
**Capital Blue Global Investments, LLC and Bernardo D. Cardoso**

Michael L. Feinstein, Esq.
MICHAEL L. FEINSTEIN, PA
200 SE 18th Court
Fort Lauderdale, FL 33316
Telephone: (954) 767-9662
Facsimile: (954) 764-4502
Email: Michael@feinsteinlaw.net

**Attorney for Defendants**
**MLI and Kevin M. Robertson**

Mark C. Perry
Law Offices of Mark C. Perry, P.A.
2400 East Commercial Boulevard, Suite 511
mark@markperrylaw.com
(954) 351-2601